(96 South. 654)

## NEWMAN v. CITY OF BIRMINGHAM.
(6 Div. 215.)

(Court of Appeals of Alabama. May 29, 1923.)

1. **Intoxicating liquors** ⬳236(6½)—**Evidence of possession held to make prima facie case.**

In a prosecution under a city ordinance prohibiting the possession of liquor, evidence that officers went to defendant's home with a search warrant and there found a box containing two gallons of whisky concealed in a trap in the floor made a prima facie case for submission to the court and was sufficient on which to predicate a conviction.

2. **Criminal law** ⬳260(11) — **Correctness of findings of fact by lower court presumed on appeal.**

A presumption as to the correctness of findings on facts by the lower court must be indulged on appeal.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Mittie Newman was convicted of violating a city ordinance, and appeals. Affirmed.

F. D. McArthur, of Birmingham, for appellant.

Where the state has not made a prima facie case by the evidence, a motion to exclude is proper and should prevail. Wallace v. State, 16 Ala. App. 85, 75 South. 633; Taylor v. State, 15 Ala. App. 72, 72 South. 557.

W. J. Wynn and Robert J. Wheeler, both of Birmingham, for appellee.

A charge of unlawfully possessing intoxicating liquors may be sustained by circumstantial evidence. Walker v. State, ante, p. 20, 95 South. 205. Flight is a criminative circumstance, indicative of a consciousness of guilt and an attempt to evade justice.

Bowles v. State, 58 Ala. 335; McConnell v. State, 13 Ala. App. 79, 69 South. 333; 4 Mich. Ala. Dig. 130.

BRICKEN, P. J. The prosecution against this appellant originated in the recorder's court of the city of Birmingham. The charge was for a violation of a city ordinance prohibiting the having in possession spirituous, vinous, or malt liquors, or other intoxicating bitters or beverages. From a judgment of conviction in the recorder's court, she appealed to the circuit court and was there tried by the court without the intervention of a jury. Appellant was again convicted and appeals here.

[1] The testimony offered by the city tended to show that on a Sunday the two city officers went to the home of appellant with a search warrant; that the defendant was at home, and the officers informed her that they had a search warrant and wanted to search the place; that defendant said, "All right," and they gave her the search warrant. Both of the witnesses for the city testified that they moved a bedstead from the corner in defendant's room and found a "trap" in the floor, and upon removing this trap they found a box beneath, and in this box they found about two gallons of whisky; that when they took the whisky from the box the defendant, who was present, "got nervous and started to run," but one of the officers caught her and brought her back in the house.

At the conclusion of the testimony for the city the defendant moved the court to exclude the evidence and discharge the defendant, and the refusal of the court to grant this motion, to which ruling the defendant reserved exception, is made the principal insistence of error upon which to effect a reversal of the judgment appealed from.

We cannot agree with this contention of defendant's counsel. We are of the opinion that from the facts above stated a prima facie case was made out. These facts having been disputed by the testimony formed an issue of fact for the determination of the court, and were sufficient upon which to predicate the judgment rendered.

The remaining assignments of error relate to the rulings of the court upon the admission of testimony, but nothing appears in any of these rulings which in our opinion could injuriously affect the substantial rights of the defendant.

[2] The usual and oft-announced presumption as to the correctness of the finding upon the facts by the lower court must be indulged here. We do not think the judgment rendered is contrary to the great weight or preponderance of the evidence, and, as no error appears, the judgment appealed from must be affirmed.

Affirmed.